**FILED**
**DECEMBER 28, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

| | |
|---|---|
| CHARLES D COOK, d/b/a COOK'S OILFIELD SERVICE, § § § § Plaintiff/Counter-Defendant, § § and § § M.J. BROGDIN CONSULTING L.P., § § Intervenor-Plaintiff/Counter-Defendant, § § v. § § ADMIRAL INSURANCE COMPANY, § § Defendant/Counter-Plaintiff. § | NO. 2:09-CV-109-J |

## CORRECTED MEMORANDUM OPINION AND ORDER

Before the court is *Defendant Admiral Insurance Company's 12(b)(1) Motion to Dismiss Original Complaint of Intervenor-Plaintiff as against Plaintiff*, filed on October 27, 2009. This motion is GRANTED.

### BACKGROUND

This is an insurance coverage case. Plaintiff Charles D. Cook (Cook) was retained by M.J. Brogdin Consulting L.P. (Brogdin) to deliver and oversee the casing on an oil well. Cook negligently removed excessive casing from the well, resulting in a failure to complete the well to the desired depth. This necessitated an expensive rework of the well. Cook presented a claim to Admiral Insurance Company (Admiral), who claimed that the incident was limited to $100,000 of coverage under the policy's underground hazards coverage, rather than the $2,000,000

aggregate limit. This case was originally filed in Lipscomb County, Texas, and it was removed to this Court by Admiral under this Court's diversity jurisdiction. Cook is a Texas resident, while Admiral is a resident of New Jersey. Cook seeks a declaratory judgment that the insurance policy of the defendant provides coverage up to $1,000,000.00 for the claims of Brogdin against Cook.

Brogdin, a Texas resident, has sued Cook in Lipscomb County, Texas, asserting breach of contract and negligence claims. Brogdin sought to intervene in this case as a Defendant. The Court allowed Brogdin to intervene as a Plaintiff and not a Defendant because (a) allowing Brogdin to intervene as a Defendant would destroy diversity jurisdiction and (b) in Cook's suit against Admiral for a policy coverage, Brogdin's interests were aligned with those of Cook's and not those of Admiral. Brogdin, as Intervenor-Plaintiff, filed a Complaint on July 20, 2009. Brogdin's Complaint not only asserted claims against Admiral regarding Admiral's coverage duties towards Cook, but also asserted claims against Cook, including claims for breach of contract and negligence. The Motion currently before the court seeks to dismiss those claims asserted by Brogdin against Cook because the Court lacks subject-matter jurisdiction.

## DISCUSSION

Brogdin's claims against Cook do not involve a federal question and, therefore, this court does not have jurisdiction over those claims under 28 U.S.C. §1331. Further, Brogdin and Cook are citizens of the same state, and therefore this court does not have jurisdiction over Brogdin's claims against Cook under 28 U.S.C. §1332. The Court also lacks supplemental jurisdiction under 28 U.S.C. §1367. 28 U.S.C. §1367(b) states:

> **In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title**, **the district courts shall not have supplemental jurisdiction** under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil

Procedure, or **over claims by persons** proposed to be joined as plaintiffs under Rule 19 of such rules, or **seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332**. (emphasis added).

Brogdin is an Intervenor-Plaintiff who entered this lawsuit under Rule 24. Brogdin and Cook are not diverse and, therefore, this Court's exercise of supplemental jurisdiction over Brogdin's claims against Cook would be inconsistent with 28 U.S.C. §1332. *Defendant Admiral Insurance Company's 12(b)(1) Motion to Dismiss Original Complaint of Intervenor-Plaintiff as against Plaintiff* is GRANTED.

IT IS SO ORDERED.

Signed this 28th day of December 2009.

/s/ Mary Lou Robinson
**MARY LOU ROBINSON**
UNITED STATES DISTRICT JUDGE